UNITED STATES DISTRICT COURT
<u>WESTERN DISTRICT OF NEW YORK</u>

MELISSA B.,[1]

                                                Plaintiff,            Case # 20-cv-0293-FPG

v.                                                                            DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                                Defendant.

**INTRODUCTION**

On June 24, 2014, Plaintiff Melissa B. protectively applied for Supplemental Security Income under Title XVI of the Social Security Act (the "Act"). Tr.[2] 34. The Social Security Administration (the "SSA") denied her claim and Plaintiff appeared at a hearing before Administrative Law Judge Hortensia Haaversen on November 29, 2016. Tr. 16. At the hearing, Plaintiff and vocational expert, Ray O. Burger, testified. On April 14, 2017, the ALJ issued an unfavorable decision. Tr. 51-61. The Appeals Council denied Plaintiff's request for review on November 17, 2017, making the ALJ's decision the final decision of the SSA. Plaintiff then appealed to this Court. *See* Tr. 638-63.

On February 4, 2019, the District Court remanded the case for further administrative proceedings pursuant to a stipulation entered by the parties. Tr. 672-74. The Appeals Council vacated the ALJ's prior decision and remanded the case for further administrative proceedings. Tr. 677. Specifically, the Appeals Council found that the ALJ "inadequately evaluated the treating source opinion from Saburo Okazaki, M.D.," by giving little weight to the opinion and incorrectly

---

[1] In order to better protect personal and medical information of non-governmental parties, this Decision and Order will identify the plaintiff using only her first name and last initial in accordance with this Court's Standing Order issued November 18, 2020.

[2] "Tr." refers to the administrative record in this matter. ECF No. 10.

identifying the opinion as a New York state employment assessment. *Id.* Additionally, the reliance on Dr. Liu's opinion to discount the treating physician's opinion and the treatment records in support of Dr. Okazaki's opinion rendered the reasons for discounting the opinion improper. *Id.* The Appeals Council directed the ALJ upon remand to: (1) give consideration to the treating source opinion and explain the weight given to such evidence; (2) give further consideration to Plaintiff's RFC and provide an appropriate rationale; and (3) if warranted, obtain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations. Tr. 678.

On November 1, 2019, Plaintiff appeared at another hearing before ALJ Haaversen. Tr. 574. Plaintiff and vocational expert, Larry A. Underwood, testified. Tr. 576-637. On December 26, 2019, the ALJ issued an unfavorable decision. Tr. 546-562. Thereafter, Plaintiff commenced this action.[3] ECF No. 1.

The parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 13, 19. For the reasons that follow, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and the ALJ's decision is REMANDED to the Commissioner for further administrative proceedings.

**LEGAL STANDARD**

**I.     District Court Review**

When it reviews a final decision of the SSA, it is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). Rather, the Court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. §§ 405(g), 1383(c)(3)) (other citation omitted).

---

[3] The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

The Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted).

## II.     Disability Determination

To determine whether a claimant is disabled within the meaning of the Act, an ALJ follows a five-step sequential evaluation: the ALJ must determine (1) whether the claimant is engaged in substantial gainful work activity; (2) whether the claimant has any "severe" impairments that significantly restrict his or her ability to work; (3) whether the claimant's impairments meet or medically equal the criteria of any listed impairments in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"), and if they do not, what the claimant's residual functional capacity ("RFC") is; (4) whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work; and (5) whether the claimant's RFC permits him or her to perform alternative substantial gainful work which exists in the national economy in light of her age, education, and work experience. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986); *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999); *see also* 20 C.F.R. § 404.1520.

## DISCUSSION

## I.     The ALJ's Decision

The ALJ analyzed Plaintiff's claim for benefits using the process described above. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 1, 2013, the alleged onset date. Tr. 549. At step two, the ALJ found that Plaintiff has the following severe impairments: diabetes mellitus, asthma, schizoaffective disorder, depressed type, anxiety, and polysubstance use disorder. *Id.* The ALJ also found that Plaintiff has the following non-severe

impairments: hypertension, low back impairment and obesity.  *Id.*  At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meet or medically equal the severity of one of the listed impairments.  *Id.*

The ALJ determined that Plaintiff maintained the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b).  Specifically, Plaintiff is able to lift/carry 20 pounds occasionally and 10 pounds frequently; stand or walk for six hours of an eight-hour workday and sit six hours of an eight-hour workday.  Tr. 552.  Additionally, the ALJ found that Plaintiff could never climb ladders, ropes or scaffolds; could occasionally climb ramps and stairs; could occasionally balance, stoop, crouch, kneel or crawl; should avoid concentrated exposure to pulmonary irritants such as dusts, fumes, gases, odors, and poor ventilation; and should avoid concentrated exposure to hazards such as moving machinery and unprotected heights.  *Id.*  Finally, the ALJ determined that Plaintiff would be limited to simple, routine and repetitive tasks with occasional interaction with the general public, co-workers and supervisors.  *Id.*

In formulating the RFC, the ALJ applied significant weight to the consultative psychological evaluation of Janine Ippolito, PsyD.  She opined that Plaintiff was able to follow and understand simple directions and instructions, perform simple tasks independently, maintain attention and concentration, maintain a regular schedule, learn new tasks, perform complex tasks independently, make appropriate decisions and relate adequately with others with no evidence of limitation.  Tr. 555.  Additionally, Dr. Ippolito opined that Plaintiff could deal with stress with moderate limitations due to her emotional distress and lack of mental health counseling.  *Id.*

Overall, she opined that Plaintiff's limitations were not significant enough to interfere with Plaintiff's ability to function on a daily basis. *Id.*

The ALJ applied partial weight to the consultative internal medicine evaluation performed by Hongbiao Liu, MD, who opined that Plaintiff had mild to moderate limitations for prolonged walking, bending, and kneeling. Tr. 556. Additionally, Dr. Liu opined that Plaintiff should avoid dust and other irritating factors as well as avoid moderate exercise activity. *Id.* Plaintiff's treating doctor, Dr. Okazaki, opined that Plaintiff had "moderate" and "very limited" limitations in the ability to sit, stand, walk, lift/carry, and climb, but no mental limitations. Tr. 558. Dr. Okazaki recommended diet modifications, weight reduction, and physical therapy. *Id.* However, because the ALJ determined these limitations were no longer consistent with Plaintiff's testimony and such limitation evaluation was completed in 2016, Dr. Okazaki's opinion was only entitled to little weight. Tr. 558-59. Finally, the ALJ applied significant weight to the opinion of state agency psychological consultant, G. Kleinerman, PhD. Tr. 559. The assessment was found to still be reasonable in light of subsequent records. *Id.*

At steps four and five, the ALJ concluded that there were jobs that existed in the economy that Plaintiff could perform, including, for example, housekeeping/cleaner, cafeteria attendant, and marker. Tr. 561. As such, the ALJ found that Plaintiff was not disabled.

**II.     Analysis**

Plaintiff takes issue with the ALJ's decision on the basis that the ALJ failed to properly evaluate the opinion evidence of record. ECF No. 13-1 at 1. Specifically, Plaintiff argues that the ALJ (1) failed to properly evaluate Dr. Okazaki's treating opinion, (2) improperly substituted her own lay opinion for that of Dr. Liu, and (3) applied only partial and little weight to the physical-limitation opinion evidence, making it reasonable to conclude that she relied on her own lay

interpretation of raw medical data.  *Id.* at 15-6.  Additionally, Plaintiff contends that the ALJ (4) failed to reconcile the RFC with Dr. Ippolito's opinion, despite allocating significant weight to the opinion, and (5) improperly failed to weigh or discuss the opinion from NP Canzoneri.  *Id.* at 26.  Because this Court agrees that remand is required under Plaintiff's first argument, it does not address Plaintiff's other arguments.

An ALJ must give a treating physician's opinion controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record."  20 C.F.R. § 404.1527(c)(2);[4] *see also Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003).  An ALJ may discount a treating physician's opinion if it does not meet this standard, but she must "comprehensively set forth [her] reasons" for doing so.  *Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004); *see also* 20 C.F.R. § 404.1527(c)(2) (the SSA "will always give good reasons" for the weight afforded to a treating source's opinion).

When a treating physician's opinion is not given controlling weight, an ALJ considers the following factors to determine how much weight it should receive: (1) whether the source examined the claimant; (2) the length, nature, and extent of the treatment relationship; (3) whether the source presented relevant evidence to support the opinion; (4) whether the opinion is consistent with the record as a whole; (5) whether a specialist rendered the opinion in his or her area of expertise; and (6) other factors that tend to support or contradict the opinion.  20 C.F.R. § 404.1527(c)(1)-(6).

Here, while the ALJ recognized that Dr. Okazaki was Plaintiff's provider, the ALJ goes no further in her discussion of the treating relationship between Dr. Okazaki and Plaintiff.  In applying

---

[4] These regulations were applicable at the time Plaintiff filed her claim.

little weight to Dr. Okazaki's opinion, the ALJ rationalized the decision on the grounds that Plaintiff's testimony "no longer supports" the limitations provided in Dr. Okazaki's 2016 opinion. Tr. 559. In addition, the ALJ pointed to various recent records that demonstrate Plaintiff's back complaints were, *inter alia*, vague and showed she has full range of motion and strength. *Id.* However, such records also indicate that in March 2019, Plaintiff's back pain had "worsened," Tr. 842, and again on July 23, 2019, Plaintiff's back pain was noted as "worsened." *Id.* The records also indicate that at that time, Plaintiff was prescribed two additional medications and was ordered to follow up in a month to determine the effectiveness of such treatment. *Id.* Records from that same period also indicate that with "bending, exercising, sitting, twisting and walking," Plaintiff experienced worsening back pain and suffered from "Back Herniated Disc Disease." Tr. 856-57. The ALJ seems to have ignored such records in concluding that recent records demonstrate that Dr. Okazaki's 2016 limitation evaluation was no longer supported by the record.

Not only was the ALJ required to provide adequate reasons for applying little weight to the opinion of Dr. Okazaki pursuant to the treating physician rule, but the ALJ was also specifically instructed to do so by the Appeals Council. Indeed, the Appeals Council explicitly stated that "the record includes a number of treatment records from Dr. Okazaki that seem to support her opinion. Specifically, she repeatedly observed that [Plaintiff] had an abnormal gait and reduced range of motion in her lower back and legs. Therefore, the reasons for discounting the opinion are not supported and further evaluation is warranted." Tr. 677 (internal citations omitted). However, the ALJ again failed to sufficiently do so. Instead, the ALJ seemingly cherry-picked records which suggested that Plaintiff's back impairments may have lessened or improved but failed to discuss records from the same timeframe which indicated that Plaintiff continued to suffer and receive treatment for her back impairments—consistent with Dr. Okazaki's prior opinions. The failure to

comply with the Appeals Council's clear instructions alone necessitates remand. *See* 20 C.F.R. § 404.977(b) ("The administrative law judge shall take any action that is ordered by the Appeals Council"); *see also Ellis v. Colvin*, 29 F. Supp. 3d 288, 299 (W.D.N.Y. 2014) ("The failure of an ALJ to abide by the directives in an Appeals Council remand order constitutes legal error requiring remand." (collecting cases)).

The ALJ's failure to properly evaluate Dr. Okazaki's opinion was not harmless error. Contrary to the opinion of Dr. Okazaki, the RFC permits Plaintiff to stand or walk for six hours of an eight-hour workday and sit six hours of an eight-hour workday, allows Plaintiff to lift/carry 20 pounds occasionally and 10 pounds frequently, and allows Plaintiff to occasionally climb ramps and stairs. Tr. 552. However, Dr. Okazaki made clear that Plaintiff was very limited in her ability to walk, lift, carry, walk up the stairs or perform other climbing. Tr. 424. Dr. Okazaki also indicated that Plaintiff was moderately limited in standing and sitting. *Id.* In fact, consistent with having a very limited ability to walk, Plaintiff testified at the hearing that she had been using a cane for assistance and is only able to walk about fifteen minutes at a time. Tr. 592-93. And the vocational expert testified that if Plaintiff required changing positions between sitting, standing and walking every 20 minutes, such limitation would be work preclusive. Tr. 635.

Thus, for the reasons discussed, remand is required.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings, ECF No. 13, is GRANTED, the Commissioner's motion for judgment on the pleadings, ECF No. 19, is DENIED, and the matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court shall enter judgment and close this case.

IT IS SO ORDERED.

Dated: August 3, 2021
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York