UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
─────────────────────────────────────────

MELISSA BETTS,

                              Plaintiff,

                                                                                                  Case # 20-CV-293-FPG

v.

                                                                                                        DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.
─────────────────────────────────────────

       On August 3, 2021, the Court granted Plaintiff's motion for judgment on the pleadings and remanded the matter to the Commissioner for further proceedings. ECF No. 21. The next day, the Clerk of Court entered judgment in Plaintiff's favor. ECF No. 22.

       On October 31, 2021, Plaintiff moved for $7,513.98 in attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). ECF No. 23. The Commissioner does not oppose Plaintiff's request. ECF No. 25. For the reasons that follow, Plaintiff's motion is GRANTED.

       Pursuant to the EAJA, a prevailing party in a Social Security benefits case may be awarded fees payable by the United States "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). "The burden is on the Government to show that its position was substantially justified." *Pamela M. v. Comm'r of Soc. Sec.*, No. 18-CV-842, 2021 WL 5410079, at *1 (W.D.N.Y. Nov. 19, 2021). Given the Commissioner's non-opposition, the Court cannot conclude that its position was substantially justified. *Accord Labelle v. Comm'r of Soc. Sec.*, No. 18-CV-372, 2020 WL 358565, at *1 (W.D.N.Y. Jan. 22, 2020). Nor can the Court discern any special circumstances that would make an award unjust.

The next question is whether the requested fees are reasonable.  EAJA fees are determined by examining the amount of time expended on the litigation and the attorney's hourly rate, which is capped by statute.  *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); 28 U.S.C. § 2412(d)(2)(A).  "When determining how many hours in a particular case are reasonable, courts weigh factors such as the size of the administrative record, the complexity of the factual and legal issues involved, counsel's experience, and whether counsel represented the claimant during the administrative proceedings."  *Lofton v. Saul*, No. 19-CV-454, 2020 WL 858649, at *1 (D. Conn. Feb. 21, 2020).  "Courts throughout the Second Circuit have consistently found that routine Social Security cases require, on average, between twenty and forty hours of attorney time to prosecute."  *Id.* (internal brackets omitted).  "Determining counsel's hourly rate under the EAJA involves applying a cost-of-living adjustment, as measured by the Consumer Price Index ("CPI"), to the statutory ceiling of $125.00 per hour set by the EAJA on March 29, 1996."  *Montes v. Comm'r of Soc. Sec.*, No. 17-CV-322, 2019 WL 2264967, at *3 (W.D.N.Y. May 28, 2019) (internal quotation marks and brackets omitted).  "The hourly rate should only be increased by the corresponding CPI for each year in which the legal work was performed."  *Id.* (internal brackets omitted).

In this case, Plaintiff requests $7,513.98 in fees based on 35.9 hours of work, and the Court finds Plaintiff's calculations reasonable.  *See* ECF No. 23-1 at 4-5.  Therefore, Plaintiff's Motion for Attorney Fees (ECF No. 23) is GRANTED.  The Commissioner shall, subject to offset under the Treasury Offset Program, promptly pay $7,513.98 to Plaintiff's counsel.

IT IS SO ORDERED.

Dated: January 4, 2022
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York